## Dorothy Wendell *vs.* Liberty Johnson & al.

Where an individual enters on land, by authority of the owner, for certain purposes, and after entry does other acts inconsistent with the authority given him, he does not thereby become a trespasser *ab initio.*

But where one, by permission, enters on land under an agreement with the owner to purchase, and afterwards refuses to carry his agreement into effect, he is liable in trespass, in the same manner as if he had entered without such permission.

Trespass *quare clausum.* The case was tried at November term, 1834, on the general issue, with a brief statement, in substance that Liberty Johnson, the defendant, entered the *locus in quo* under a license from the plaintiff, and the other defendants acted as his servants.

A verdict was taken for the plaintiff, subject to the opinion of the court on the following case.

The *locus in quo* is situate in Lyman, in the county of Grafton, and is admitted to have been the close of the plaintiff on the 11th of November, 1826, when the plaintiff contracted with said Johnson to sell him the same close at the rate of $3 per acre. The quantity of land was estimated to be fifty-three acres, and Johnson paid $50, and gave the plaintiff his notes to the amount of $109, payable on demand with interest. At the same time, the plaintiff gave to said Johnson a bond, with condition to convey the close to him upon payment of the notes and $3 per acre for so many acres as the close, on a survey, should be found to contain above fifty-three acres. The close was afterwards surveyed, and found to contain one hundred and seventeen acres.

At the time the bond was given, the plaintiff authorized said Johnson to enter and clear, in a husbandlike manner, a part of the land, but not to commit any strip or waste whatever.

Said Johnson went into possession, and cut and carried away large quantities of timber from various parts of the close ; but it did not appear that he regularly cleared any portion of the land.

In October, 1833, Johnson paid $20, which was endorsed on one of the notes ; but the rest remains unpaid.

It further appeared, that in October, 1833, before the commencement of this action, the plaintiff called on Johnson, and requested him to pay the balance due upon the notes, and the excess of the land over the fifty-three acres ; and he utterly refused to pay any part—the plaintiff then having a deed of said land duly executed, and ready to be delivered him on such payment.

The plaintiff then requested said Johnson to give up the bond and he should have his notes ; but Johnson declined doing it, and the plaintiff then told him that the contract as to the land was at an end.

*Goodall & Woods,* for the plaintiff.

*Bell,* for the defendants.

GREEN, J. In case the defendants are justified in entering on the premises, this suit cannot be maintained. The gist of the action is the violation of the plaintiff's possession, and all the other acts are merely in aggravation. 3 *D. & E.* 292 ; 4 *Pick.* 239.

If the defendants had the plaintiff's license to enter, of which they can now avail themselves, however much they may have abused such license, it would not make them trespassers *ab initio.* It is only an abuse of a license by law that could make them such.

The reason assigned for the distinction between a license in law and a license by the party, is, that where the law gives an authority it is but reasonable that it should, in order to secure persons who, without their direct assent, are made the objects of it, from all positive abuses of the authority ; and whenever it is positively abused, make the same void, and leave the abuser thereof in the same situation as if he had from the beginning acted without authority. But in cases of a license by a party who is under no necessity of giving authority to any person, but has thought proper to give an authority to one who is guilty of a positive abuse thereof, there seems to be no reason that the law should interpose so as to make all that has been done under the authority by him voluntarily given void, because it was his own folly to confide in one who has shewn himself not fit to be confided in. 5 *Bac. Ab. : Trespass.*

The case shews that the defendants had authority from the plaintiff to enter upon the premises for a particular purpose, to clear a portion of the land in a husbandlike manner ; that they took possession, and cut and carried away large quantities of timber from various parts, but no part of it was regularly cleared.

It would be doing the defendants no injustice to say that for this abuse of the authority given them they should derive no advantage from it ; that, under such circumstances, they should be presumed to have abandoned the authority given them, and to have acted in their own wrong, and be made answerable as trespassers in ordinary cases ; but the law seems not to permit us so to consider their acts.

There is another ground, however, on which this suit may be sustained. It is found by the case that the defendant, Johnson, agreed to purchase the land ; paid $50 in part of the consideration, and gave his notes for the residue, on which he afterwards paid $20 ; but that he ultimately refused to carry the contract fully into effect.

The authority to enter and clear a portion of the land was doubtless given the defendant, Johnson, with the view and expectation of his fulfilling the agreement to purchase, and was a part of the same contract ; and inasmuch as he has refused to perform that contract, he cannot now be permitted to protect himself under it. Such permission would be manifestly unjust towards the plaintiff, and would be enabling Johnson, the defendant, to take advantage of his own wrong. In the case of *Clough* vs. *Hosford*, 6 *N. H. R.* 231, which was trespass, the defendant entered upon the land under a contract to purchase—which he refused to complete. He did no acts upon the land but such as he was permitted to do, and the action was sustained solely on the ground of his refusing to carry the contract into effect. In the present case, the defendant, Johnson, not only refused to perfect the contract, but in the first instance violated it by cutting and carrying away the timber without clearing any part of the land, as he had stipulated to do.

We entertain no doubt that the action on this ground is supported ; and let judgment be entered on the verdict, deducting the sums paid by the defendant, Johnson, towards the land.